SEALED

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG 12 2019

BY D. MARK JONES, CLERK
_____
DEPUTY CLERK

JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MURAT SULJOVIC, <br><br> Defendant. | Case No. 2:19 MJ 566 DBP. <br><br> STIPULATED PROTECTIVE ORDER <br><br><br> Judge Dustin B. Pead |

IT IS HEREBY STIPULATED by the United States, through the undersigned assistant United States attorney, and by Defendant Murat Suljovic, through his undersigned counsel that documents and information may be exchanged and produced pursuant to the following terms of protection:

1. Scope of Protection

This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated testimony taken at a hearing or other proceeding, all designated exhibits in any proceeding or filing, and all documents and other discovery materials, whether produced informally or in

formal response to discovery obligations, demands, or orders or in response to any other formal methods of discovery.

This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate, but only upon the requisite showing of standing to so intervene and only to the extent that designated documents have been filed under seal in otherwise public filings. In other words, nothing herein shall give any nonparty a right to participate in or obtain access to nonpublic discovery materials that have not been made part of the Court record.

2. <u>Definitions</u>

(a) The term PROTECTED INFORMATION shall mean information pertaining to ongoing criminal investigations or intelligence operations of the United States or its agencies (or other national security interests) or foreign governments and their agencies, or private financial, business, health, or medical information, as designated by the PRODUCING PARTY for restricted use and distribution.

(b) The term RESTRICTED – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation RESTRICTED - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive information related to ongoing criminal investigations or intelligence operations, or (2) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Stipulated Protective Order the producing party reasonably and in good faith believes would likely cause harm.

2

(c) The term RESTRICTED INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "RESTRICTED - ATTORNEYS EYES ONLY" information.

(d) The term CONSULTING EXPERT shall refer to any person who is not a party to this action, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including RESTRICTED – ATTORNEYS EYES ONLY, and RESTRICTED INFORMATION. Each party's CONSULTING EXPERTS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts, consultants, or defense counsel's investigators retained to provide services such as expert testimony or otherwise assist in trial preparation.

3. <u>Disclosure Agreements</u>

(a) Each receiving party's CONSULTING EXPERT shall sign a disclosure agreement in the form attached hereto as Exhibit A. Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No disclosures shall be made to a CONSULTING EXPERT for a period of five (5) business days after the disclosure agreement is provided to the other party.

(b) Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

4. <u>Designation of Information</u>

(a) Documents and things produced or furnished during the course of this action shall be designated as containing RESTRICTED INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

RESTRICTED INFORMATION

(b) Documents and things produced or furnished during the course of this action shall be designated as containing information which is RESTRICTED – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

RESTRICTED – ATTORNEYS EYES ONLY

(c) During discovery a producing party shall have the option to require that all or batches of materials be treated as containing RESTRICTED – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d) A party may designate information disclosed at a hearing or other proceeding as RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY by requesting the Court to so designate the transcript at the time of the hearing or proceeding.

(e) A producing party shall designate its discovery responses, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY when such papers are served or sent, and any such papers filed with the court shall be filed under seal according to court procedures for sealing unless the PROTECTED INFORMATION is redacted.

(f) A party shall designate information disclosed at a hearing or trial as RESTRICTED INFORMATION or as RESTRICTED – ATTORNEYS EYES ONLY by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately, and shall meet and confer with the other party concerning procedures for disclosing that information to the jury as part of pre-trial procedures and planning.

(g) The parties will use reasonable care to avoid designating any documents or information as RESTRICTED INFORMATION or as RESTRICTED – ATTORNEYS EYES ONLY that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or testimony that is RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY, rather than the entire document or testimony. For example, if a party claims that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire document.

(h) In multi-party cases, the United States and/or the Defendant(s) shall further be able to designate documents as RESTRICTED INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties.

5. <u>Disclosure and Use of RESTRICTED INFORMATION</u>

Information that has been designated RESTRICTED INFORMATION or as RESTRICTED – ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the

disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any other purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated RESTRICTED INFORMATION or as RESTRICTED – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In multi-party cases, documents designated as RESTRICTED INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be disclosed to other defendants.

6. <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means

    (a) For RESTRICTED – ATTORNEYS EYES ONLY:

        (1) Counsel of record for the parties in this action, including Robert hunt, Daphne Oberg, Jessica Stengel, and paralegals or investigators from their office that are assigned to the case to the extent necessary to assist in rendering services;

        (2) Court officials involved in this action (including court reporters, persons operating recording equipment, courthouse security personnel, etc.);

        (3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

        (4) Any outside CONSULTING EXPERT employed by counsel of record, subject to the requirements in Paragraph 3 above; and

        (5) Any witness (including potential witnesses) during the course of discovery, so long as it is stated on the face of each document designated RESTRICTED – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to

disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents.

    (b)    FOR RESTRICTED INFORMATION:

        (1)    Those persons listed in paragraph 6(a);

        (2)    The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services; and

        (3) Any witness (including potential witnesses) during the course of discovery.

7.    <u>Use of Protected Information</u>

    (a)    In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES

ONLY, the papers shall be appropriately designated pursuant to paragraphs 4(a) and (b), and pursuant to DUCrimR 49-2(c), and shall be treated accordingly.

(b) All documents, including attorney notes and abstracts, which contain another party's RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 4(a) or (b).

(c) Documents, papers and transcripts filed with the court which contain any other party's RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY shall be filed in sealed envelopes and labeled according to DUCrimR 49-2(c).

(d) To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party as RESTRICTED – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e) In the event that any question is asked at a hearing or other proceeding with respect to which a party asserts that the answer requires the disclosure of RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as RESTRICTED – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this

Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f) Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated RESTRICTED – ATTORNEYS EYES ONLY.

8. <u>Inadvertent Failure to Designate</u>

(a) In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9. <u>Challenge to Designation</u>

(a) Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b) Notwithstanding anything set forth in paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

 (i) advise the receiving parties whether or not it persists in such designation; and

 (ii) if it persists in the designation, to explain the reason for the particular designation.

(c) If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i) the information in question has become available to the public through no violation of this Order; or

(ii) the information was known to any receiving party prior to its receipt from the producing party; or

(iii) the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10. <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

11. <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY to a non-Qualified Recipient,

the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12. Limitation

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13. Non-designated documents and information. The Defendant and his counsel and CONSULTING EXPERTS and their respective personnel shall make no use of any of the documents and information produced in this action – regardless of designation – for any purpose other than providing legal advice and a defense to the Defendant.

13. Conclusion of Action

(a) At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents produced by that party. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b) After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order.

(c) The provisions of this paragraph shall not be binding on the United States, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

14. <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY. The parties agree that they will treat RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY produced by third parties according to the terms of this Order.

15. <u>Compulsory Disclosure to Third Parties</u>

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks RESTRICTED INFORMATION or RESTRICTED – ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed

a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16. <u>Jurisdiction to Enforce Stipulated Protective Order</u>

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17. <u>Modification of Stipulated Protective Order</u>

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

18. <u>Confidentiality of Party's own Documents</u>

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Stipulated Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

19. <u>Documents previously provided</u>

Documents previously exchanged pursuant to a protective order in Case No. 2:19-mj-00320 may be retained for purposes of this case pursuant to the terms of this Stipulated Protective Order.

SO STIPULATED:

_____
CARL D. LESUEUR
Assistant United States Attorney

_____
~~ROBERT HUNT~~ Jessica Stenge
Attorney for Defendant Murat Suljovic

SO ORDERED AND ENTERED BY THE COURT PURSUANT EFFECTIVE AS OF THE COMMENCEMENT OF THE ACTION:

_____
HON. DUSTIN B. PEAD
Magistrate Judge for the District of Utah