SEALED

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
AUG 12 2019
D. MARK JONES, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:19 MJ 566 PBP |
| Plaintiff, | : | |
| vs. | : | ORDER OF CONTINUANCE |
| MURAT SULJOVIC, | : | **UNDER SEAL** |
| Defendant. | : | |

The United States and the Defendant have jointly moved for a continuance of the time to present an indictment and to set trial in the above captioned case. Based on the joint motion, and good cause therefore appearing, the Court makes the following findings:

1. Defendant appeared in Court on August 12, 2019 on charges in a complaint in the above captioned case. The Complaint charge three counts including allegations of material support of a foreign terrorist organization and false statements in connection with an investigation related to terrorism, in violation of 18 U.S.C. §§ 2339B, 1001, and 2, respectively. Absent a continuance, the United States must charge the Defendant by information or indictment no later than September 11, 2019, which is within thirty days of

August 12, 2019.

2. Because of the nature of the case, which involves potential national security implications, certain discovery materials are presently classified. The United States and the Defense are working on providing access to defense counsel either by declassifying those documents or negotiating disclosure pursuant to the procedures set for in the Classified Information Procedures Act, 18 U.S.C. App. III §§ 1 et seq. Accordingly, both the nature of the case and the procedural demands of discovery indicate that this is both unusual and complex under 18 U.S.C. §§ 3161(h)(7)(B(ii), such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.

3. Both the United States and the Defendant have expressed an interest in seeking the Defendant's continued cooperation, and a potential resolution of the case. The United States and the Defendant have expressed an interest in working out a potential resolution before advancing to indictment or information, if that is possible, and at the present time agree and acknowledge that preserving the ability to proceed in that manner may benefit both the United States and the Defendant.

4. The Defendant is in custody, but has waived his rights under Rules 5 and 5.1 and 18 U.S.C. §§ 3141-3412, including the right to a

preliminary examination or hearing, and his rights to be charged by indictment within the time periods set forth in 18 U.S.C. § 3161(b).

5. No member of the public has objected to the continuance, and the public interest is served by providing the attorneys for the Government and for the Defendant adequate time to resolve discovery issues presented by the classified information at issue, to seek cooperation in a case with potential national security implications, and to conserve public resources by achieving a resolution prior to indictment or information, if reasonably possible.

6. The United States and the Defendant jointly request a continuance of the time to present indictment (and the subsequent period for proceeding to trial) by 30 days, subject to future requests for additional continuances.

Based on the foregoing findings, the Court concludes that this case is sufficiently complex and unusual, due to the nature of the charges against the defendant and the implications of the present classification of certain discovery materials, that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial itself within the time limits of the Speedy Trial Act. The Court further concludes that failure to grant a continuance in this case would deny counsel for the defendants and the attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the

ends of justice served by such a continuance outweigh the interests of the public and the parties in a speedy trial.

THEREFORE, the time for the United States to present an indictment is continued from September 11, 2019 to October 12, 2019. The time from the date of this Order to October 12, 2019 is excluded from the computation of time under the Speedy Trial Act for good cause.

DATED this 12th day of August, 2019.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge for the District of Utah