SEALED

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JAN 07 2020

D. MARK JONES, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:19-mj-566 |
| Plaintiff, | : | |
| | : | ORDER OF CONTINUANCE |
| vs. | : | **UNDER SEAL** |
| MURAT SULJOVIC, | : | |
| Defendant. | : | |

The United States and the Defendant have jointly moved for a continuance of the time to present an indictment and to set trial in the above captioned case. Based on the joint motion, and good cause therefore appearing, the Court makes the following findings:

1. Defendant appeared in Court on January 7, 2020 on charges in a complaint in the above captioned case. The Complaint charges three counts including allegations of material support of a foreign terrorist organization and false statements in connection with an investigation related to terrorism, in violation of 18 U.S.C. §§ 2339B, 1001, and 2, respectively. Pursuant to a prior order of continuance, and in the absence of any further continuance, the United States must charge the Defendant by information or indictment no

later than January 11, 2020.

2.  Because of the nature of the case, which involves potential national security implications, certain discovery materials are presently classified. The United States has provided defense counsel with access to review voluminous amounts of such materials through appropriate means for cleared counsel. While this review is well underway, it is anticipated that additional time is needed due to the volume of such documents and the procedures involved in facilitating the review. In addition, the United States has now been able to process its review of defendant's computer and has seized relevant files. Those files were made available to the defense as of January 3, 2020, but they are likewise voluminous. The files total 27.8 GBS in size, including 122,700 files under 62 folders. The majority of the files are in HTML document format with screen captures and video thumbnails. Accordingly, both the nature of the case and the procedural demands of discovery indicate that this is both unusual and complex under 18 U.S.C. §§ 3161(h)(7)(B(ii), such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.

3.  Both the United States and the Defendant have expressed an interest in seeking the Defendant's continued cooperation, and a potential resolution of the case. The United States and the Defendant have expressed

an interest in working out a potential resolution before advancing to indictment or information, if that is possible, and at the present time agree and acknowledge that preserving the ability to proceed in that manner may benefit both the United States and the Defendant.

4. The Defendant is in custody, but has waived his rights under Rules 5 and 5.1 and 18 U.S.C. §§ 3141-3412, including the right to a preliminary examination or hearing, and his rights to be charged by indictment within the time periods set forth in 18 U.S.C. § 3161(b).

5. No member of the public has objected to the continuance, and the public interest is served by providing the attorneys for the Government and for the Defendant adequate time to resolve discovery issues presented by the classified information at issue, to seek cooperation in a case with potential national security implications, and to conserve public resources by achieving a resolution prior to indictment or information, if reasonably possible.

6. The United States and the Defendant jointly request a continuance of the time to present indictment (and the subsequent period for proceeding to trial) by 121 days.

Based on the foregoing findings, the Court concludes that this case is sufficiently complex and unusual, due to the nature of the charges against the defendant and the implications of the present classification of certain discovery materials, that it is unreasonable to expect adequate preparation

for pretrial proceedings and for trial itself within the time limits of the Speedy Trial Act. The Court further concludes that failure to grant a continuance in this case would deny counsel for the defendants and the attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the ends of justice served by such a continuance outweigh the interests of the public and the parties in a speedy trial.

THEREFORE, the time for the United States to present an indictment, previously continued from October 12, 2019 to January 11, 2020, is further continued to May 11, 2020. The time from the date of this Order to May 11, 2020 is excluded from the computation of time under the Speedy Trial Act for good cause.

DATED this 7th day of January, 2020.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge for the District of Utah