IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MURAT SULJOVIC, <br><br> Defendant. | Case No. 2:20-cr-00153-JNP <br><br> ORDER SETTING NEW TRIAL DATE <br><br> Judge Jill N. Parrish |

Based upon the Government's motion to set a new trial date, the court makes the following findings:

Defendant was charged by felony information on May 4, 2020 and waived grand jury presentation. The seventy-day period for commencing trial under the Speedy Trial Act commenced on that date. A magistrate judge set a trial date for July 20, 2020, which was outside of that seventy-day period. (By the court's calculation, the seventy-day period would ordinarily have run on July 13, 2020).

On April 28, 2020, the Chief Judge of the United States District Court for the District of Utah entered General Order 20-012, finding that the conditions of the COVID-19 pandemic presented procedural and practical challenges to seating a jury that necessitated a continuance of all trials in the United States District Court for the District of Utah through June 15, 2020. The court excluded the intervening period from the calculation of time under the Speedy Trial Act in the "ends of justice" for the reasons set forth in that order.

On June 15, 2020, the Chief Judge entered General Order 20-017, finding that the conditions of the COVID-19 pandemic continued to present procedural and practical challenges to seating a jury that necessitated a continuance of all trials in the United States District Court for the District of Utah through August 1, 2020. The court excluded the intervening period from the calculation of time under the Speedy Trial Act in the "ends of justice" for the reasons set forth in that order.

The Government has filed a motion to continue the trial in this case to within 30 days of August 1, 2020 due to the conditions caused by COVID-19.[1] The Government has conferred with defense counsel who has indicated the Defendant's consent to this request.

Based upon these findings and findings contained in General Orders 20-012 and 20-017, the court concludes that a failure to grant a continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Additionally, the court concludes that a failure to grant a continuance would deny counsel for both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(iv). Therefore, the court finds that the ends of justice served by continuing the scheduled trial date outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(7)(A). The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

---

[1] The Government actually moved to continue the trial until within 30 days of November 1, 2020. But this request was based upon its erroneous conclusion that this court had continued all criminal trials until that date. This misconception was based upon a misreading of General Orders 20-020 and 20-011. Accordingly, the court interprets the Government's motion as a request to continue the trial until within 30 days of August 1, 2020.

NOW, THEREFORE, IT IS HEREBY ORDERED that trial in this case is continued until August 31, 2020.  The time between May 4, 2020 and the new trial date is excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED:

_____
Hon. Jill N. Parrish
UNITED STATES DISTRICT COURT JUDGE