JOHN W. HUBER, United States Attorney (#7226)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682
Email:  carl.lesueur@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>MURAT SULJOVIC,<br><br>　　　Defendant. | Case No. 2:20-cr-153<br><br>MOTION TO SET A NEW TRIAL DATE AND PRETRIAL DEADLINES AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge Jill N. Parrish |

　　　The United States moves to set a new trial date due to the continuance of trial in this case, and to exclude the intervening time from the calculation of time under the Speedy Trial Act.  The United States respectfully requests a continuance of approximately 120 days and an exclusion of the intervening period from the calculation of time under the Speedy Trial Act.  This will allow sufficient time for the Defendant to move for a change of plea hearing date, as the parties jointly anticipate.  It will also allow time for the parties to prepare for trial in the event that the Defendant does not enter a change of plea at the hearing.  The United States has conferred with

Defense counsel. She has conferred with her client and has indicated that she and her client consent to the United States request.

## BACKGROUND

Defendant was charged by felony information on May 4, 2020 and waived grand jury presentation. The seventy day period for commencing trial under the Speedy Trial Act commenced on that date. The court set a trial date for July 20, 2020, which was within that period.

At the time of the May 4, 2020 appearance on the felony information, the Court had entered a general order continuing all jury trial through June 15, 2020 and excluding the intervening period from the computation of time under the Speedy Trial Act. The Court entered that order on April 28, 2020. D. Ut. General Order No. 20-012. The court explained in its order that it was monitoring the state of the health crisis in Utah and the United States. *Id.* at 2. The president's March 13, 2020, National Emergency declaration remains in effect and Utah remains in a state of emergency under Governor Herbert's declaration. *Id.* In addition, the World Health Organization has advised that the global pandemic is not subsiding. *Id.* Moreover, "the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts." *Id.*

The Court explained:

> The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's developing guidance as well as various directives from all branches and levels of government. Among other things, the CDC recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others. These and other

> measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.
>
> To this date, there are nationwide now over 1,027,000 confirmed cases of Americans infected with COVID-19, resulting in over 58,000 deaths. The number of new infections in the United States is increasing at a rate of approximately 30,000 new cases every day. The State of Utah has, to date, confirmed over 4,300 infections, resulting in at least 370 hospitalizations and 45 deaths.  Worse still, the available evidence suggests difficulty tracking the real spread of COVID-19 because significant numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors.

*Id.* at 2.

"After careful consideration of the unprecedented severity of the risks presented by this national and local emergency to the public, litigants, counsel, court employees, agencies that support the courts, and judges; and following consultation with appropriate stakeholders," the court continued all criminal trials through June 15, 2020, and excluded the time under the Speedy Trial Act.  *Id.* at 3.

The Court stated:

> For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, and 2020-011, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic and the Governor's Stay Safe, Stay Home directive, the period of time between May 1, 2020, through June 15, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).
>
> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [*United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through June 15, 2020, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court is experiencing significant restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

*Id.* at 3-4.

The order further stated that "[j]udges are encouraged to enter speedy trial orders in the cases over which they preside." *Id.* at 5.

The Court issued another order on June 15, 2020 continuing trials and excluding time under the Speedy Trial Act.  D. Ut. General Order No. 20-017.  The order explained, among other things, that "new daily cases of COVID-19 in Utah continue at sustained, not declining, numbers" and "the State of Utah has seen in recent weeks a significant acceleration of positive cases." *Id.* at 2.  As a result of the pandemic, the court continued criminal jury trials through August 1, 2020, pending further order of the Court.  *Id.* at 4.

The court explained:

> For the reasons stated [in the order] relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, and 2020-012, including the procedural and practical challenges to seating a jury in the midst of the
>
> COVID-19 pandemic the period of time between June 15, 2020, through August 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through August 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak.  Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial.  Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

*Id.* at 4-6.  The order encouraged judges to enter speedy trial orders in the cases over which they preside.  *Id.* at 6.

On July 20, 2020, this Court entered an order setting a new trial date of August 31, 2020, and excluded the time from May 4, 2020 until August 31, 2020 from the computation of time under the Speedy Trial Act, consistent with General Orders 20-012 and 20-017.

On July 30, 2020, the Court issued another General Order.  D. Ut. General Order No. 20-021, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  The Court explained, among other things, that although "the number of new infections in the United States generally appears to have stabilized around roughly 60,000 new cases daily, the State of Utah experienced in July a significant acceleration of positive cases.  To date there are nearly 40,000 confirmed infections in Utah, resulting in more than 2,200 hospitalizations and more than nearly 300 deaths.  Worse still, the available evidence suggests difficulty tracking the real spread of COVID-19 because significant numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors." *Id.* at 3.  However, "mindful that this extended period without the availability of trials and grand jury proceedings significantly impacts criminal defendants, civil litigants, and our community[,]" the Court explained that it remained "committed to increasing the availability of mission-critical services to the community as expeditiously as conditions permit." *Id.*  To this end, the Court reiterated the same plan for a phased reopening initially set forth in its June 15, 2020 General Order.  *Id.* at 3-4.

The Court excluded time under the Speedy Trial Act and explained:

> For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, and 2020-017, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between August 1, 2020, through September 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy

>Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
>Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through September 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public. In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials. Moreover, the health risks associated with trial are acute. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.
>
>Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial.

*Id.* at 5-6.

        On August 26, 2020, the Court issued another General Order. D. Ut. General Order No. 20-026, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic. It explained:

>The Court continues to monitor closely the state of the health crisis in Utah and around the nation. President Trump's March 13, 2020 National Emergency declaration remains in effect. Governor Herbert recently declared a new state of emergency on August 20, 2020, and while restrictions have been imposed and relaxed, new daily cases of COVID-19 in Utah continue at concerning numbers. The World Health Organization advises that the global pandemic is not subsiding. Globally, over 23,000,000 people have been infected, and over 800,000 have died from the disease. Finally, the Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and will materially affect the functioning of the federal courts.

*Id.* at 2.

>In addition:

>The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's developing guidance as well as various directives from all branches and levels of government. Among other things, the CDC recommends that all Americans avoid close contact with others (*i.e.,* being 3 within six feet) and wear cloth face coverings in public or when around others. These and other measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

>To this date, there are nationwide now over 5,600,000 confirmed cases of Americans infected with COVID-19, resulting in over 176,000 deaths. Utah has now confirmed nearly 50,000 cases, resulting in nearly 3,000 hospitalizations and just under 400 deaths. Among other things, the Salt Lake County area has experienced significant outbreaks of the virus in many of its jails. The available evidence continues to suggest difficulty tracking the real spread of COVID-19 because large numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors. Some scientific organizations estimate the total number of cases in the United States could be as high as ten times the number of reported cases. Nevertheless, the daily number of reported new infections is generally trending lower both in Utah and throughout the United States.

*Id*. at 2-3.

>The Court continued all criminal trials through October 1, 2020, and explained:

For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 2020-09, 2020-010, 2020-011, 2020-012, 2020-17, and 2020-21, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between September 1, 2020, through October 1, 2020, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].  The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time.  The expanding number of COVID-19 infections, hospitalizations, and deaths nationally and in Utah, demand modifications to court practices to protect public health.  Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time.  The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court finds that the exclusion of time through October 1, 2020 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.  In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.  The Court is experiencing significant restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for grand jury proceedings or trial. Beyond that, the current environment makes it nearly certain that the Court cannot obtain an adequate spectrum of jurors to fairly conduct trials.  Moreover, the health risks associated with trial are acute.  Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity.  Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court.  Video and audio conferencing, used for hearings, are not available for trials.  Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside.  Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and

>
> preserve the rights of the parties – particularly where defendants are detained pending trial.  Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 3-5.

The United States and the Defendant, through his counsel, have been engaged in discussions to resolve this case.  They believe they have reached terms of a potential plea agreement.  The parties jointly contacted chambers to request a date for a change of plea hearing.  The parties have not heard back from chambers, perhaps because the Court's individual practices require the Defendant make the request by motion.  The Court's individual practices further indicate that the change of plea hearing must take place no later than one week before the scheduled trial date.  At present, the trial date has been continued and no trial date has been set.

However, a one week period would be insufficient time, should the Defendant change his mind and decline to enter a change of plea.  In that event, the United States will need approximately ninety days to prepare for trial.  This is so in light of the need to seek and obtain an order pursuant to the Classified Information Procedures Act ("CIPA"), the need to coordinate and schedule time with out of state witnesses, and for other pretrial motions, including motions in limine.  This materials in this case include sensitive and classified information that may necessitate protection for purposes of disclosure or use at trial or sentencing.  In the United States experience, litigation over CIPA orders can add significant time to the period.  Once the order in place, there may be litigation over potential exhibits or witness testimony, that may be curtailed or substituted under CIPA procedures.

## DISCUSSION

Here, the time between August 31, 2020, and the new trial date should be excluded from the Speedy Trial Act for the reasons set forth in Order 20-12, 017, and 021, as well as for the additional reasons set forth below.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The time between August 31, 2020, and the new trial date should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A). General Order No. 20-021, set forth above, explained the difficulties associated with conducting a trial in this District during the COVID-19 pandemic. The United States requests that the court now make the necessary individualized findings in this case. As General Order No. 20-021 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. In addition to concerns for prospective jurors' health and the ability of the Court to

obtain--and maintain--an adequate number of jurors, an ends-of-justice delay is particularly apt because:

- This trial involves witnesses who must travel, putting themselves and others at risk.  Specifically, two witnesses are located out-of-state.  At least one of the witnesses is far enough that travelling by car or train is not reasonably possible.  For the other, it would pose a hardship to travel by car.  Accordingly, air travel is the most reasonable means of travel.
- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible.  Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control.

In addition, due to the restrictions imposed by current public-health concerns – particularly given the anticipated CIPA restrictions on where restricted information can be reviewed by counsel – it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits.  Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the United States respectfully requests that the Court enter an order setting trial for a date approximately 120 days from October 1, 2020, directing the defendant to make any motion for a change of plea hearing no later than 100 days before trial, and directing the United States to make a motion pursuant to CIPA at a date no later than 90 days before trial.

Opposing counsel indicates she has conferred with her client and that the defendant and his counsel do not object to this motion.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A)

Dated: August 31, 2020

Respectfully submitted,

*s/Carl D. LeSueur*
CARL D. LESUEUR
Assistant United States Attorney