IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>MURAT SULJOVIC,<br><br>   Defendant. | Case No. 2:20-cr-153<br><br>ORDER SETTING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge Jill N. Parrish |

Having considered the United States of America's Motion to Exclude Time under the Speedy Trial Act and to Set a New Trial Date, as well as the District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, and 20-021, regarding the Coronavirus Pandemic, the court hereby finds as follows:

Defendant was charged by felony information on May 4, 2020 and waived grand jury presentation. The seventy-day period for commencing trial under the Speedy Trial Act commenced on that date. The court set a trial date for July 20, 2020, which was within that period.

On March 16, 2020, the court entered a General Order suspending jury selection and jury trials scheduled to begin before May 1, 2020. D. Ut. General Order No. 20-009, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic. On March 13, the court entered another General Order imposing health- and travel-related limitations on access to court facilities. D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic. These orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance

for Businesses and Employers and the Utah Department of Health recommended strategies[.]" D. Ut. General Order No. 20-008 at 1.  The court further explained that "President Trump on March 13, 2020 declared a National Emergency in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic."  D. Ut. General Order No. 20-009 at 1.  Additionally, "Governor Herbert has declared a state of emergency in Utah, prompting the Utah Supreme Court to implement the Utah State Courts Pandemic Response Plan at level 'Red.'"  *Id.*  On April 28, 2020, the court entered a further General Order excluding the period from May 1, 2020, through June 15, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-012, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On June 15, 2020, the court entered a further General Order excluding the period from June 15, 2020, through August 1, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-017, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On July 30, 2020, the court entered a further General Order excluding the period from August 1, 2020, through September 1, 2020, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 20-021, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On August 26, 2020, the court entered a further General Order excluding the period from September 1, 2020 through October 1, 2020, from calculations under the Speedy Trial Act. D. Ut. General Order No. 20-026, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.

      The United States, in its motion, has indicated that Defendant consents to the motion, and intends to move for a change of plea hearing, and to enter a change of plea pursuant to a negotiated plea agreement.  The United States has indicated that, given the location of witnesses and the national security information involved in the case necessitating a potential motion under

the Classified Information Procedures Act, the United States will need at least ninety days from the anticipated change in plea hearing to prepare for trial in the event the Defendant does not, in fact, enter a change of plea.

Given the grave public-health concerns reflected in this court's recent general orders, and given the facts set forth in the United States' motion (which the Court incorporates here), the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

Failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and court personnel at unnecessary risk.

Failure to continue this case would also deprive counsel for both parties of the time necessary to prepare for trial in the reasonable exercise of due diligence, including pretrial motion practice under the Classified Information Procedures Act.

Due to the restrictions imposed by current public-health concerns it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from August 31, 2020 to December 7, 2020.

2. The time period of August 31, 2020 to December 7, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED August 13, 2020.

BY THE COURT:

_____
The Honorable Jill N. Parrish
United States District Court Judge

4